James E. Bishop
vs.               No. 91851
Patrick J. Foley

April 1, 1935.

POULIOT, J. This cause is now before the Court on motions for a new trial on the part of both parties after a jury awarded the plaintiff damages in the sum of $198.

The plaintiff's motion, that the damages are inadequate, needs no extensive comment. The jury gave the plaintiff the full amount claimed to have been expended up to the date of the issuance of the writ. What the plaintiff is attempting, by this motion, is to have the Court say that the jury should have considered certain items which the Court ruled out during the trial. It is such an elementary proposition that a Court, deciding a motion for a new trial, does not pass on the propriety of its rulings during the trial, that we shall not discuss it.

Plaintiff's motion for a new trial is denied.

The evidence is clear that an agreement to form and conduct a partnership was entered into between the parties. The case turns on whether or not the defendant was justified in refusing to go on after he obtained certain information.

The parties carried on some transactions preliminary to opening the partnership store, including the picking out of the fixtures and equipment. Some days later, the defendant, on his way downtown, passed the store. He saw a sign in the window and someone working inside. He entered and found one Pollock, who claimed he had a partnership agreement with the plaintiff to conduct the same business as the plaintiff had agreed to conduct with the defendant. The plaintiff denied he was bound in any way to Pollock.

It appeared in evidence that the plaintiff first became interested by an advertisement inserted in the newspapers by Pollock; that both the plaintiff and Pollock called upon a Mr. O'Brien, a mutual friend, for the purpose of having O'Brien vouch for Pollock's reliability, and, at that interview, Pollock, in the presence and hearing of the plaintiff, informed O'Brien that they were going into a partnership; that the plaintiff neither admitted nor denied it; that Pollock and the plaintiff went to the Police Station together in reference to procuring a liquor license, which was to be taken out in plaintiff's name as Pollock had previously had some difficulty with the authorities; that Pollock had the key to the store and had one made for the plaintiff.

When the defendant informed the plaintiff that Pollock claimed a half interest in the business, the parties went to the office of plaintiff's attorney. There is a dispute as to the final result of that meeting. The plaintiff claims that, after this attorney had advised the defendant that all that Pollock could do was to sue the plaintiff, the defendant agreed to go on with the partnership contract. The defendant claims he refused to go on unless the dispute between the plaintiff and Pollock was settled, as he did not want to get into any litigation to determine

whether he would own a half or a quarter of the business.

Apparently nothing was done to attempt an adjustment with Pollock except to lock him out of the store.

It became a question or credibility as between the plaintiff and the defendant, with the plaintiff's testimony considerably weakened by his denial of a partnership agreement with Pollock in the face of the undeniable evidence that at least a tentative agreement was in effect.

The Court feels that the plaintiff did not sustain the burden of proof and therefore grants defendant's motion for a new trial.

For plaintiff: Morgan & Morgan.

For defendant: Fergus J. McOsker.